UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARRIMAN OIL CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV01344 AGF |
| | ) |
| THOMAS B. BAKER and | ) |
| JEFF HEBERLIE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on Plaintiff Harriman Oil Co.'s motion to dismiss Defendants' counterclaims for fraud in the inducement, negligent misrepresentation, and set off.  For the reasons set forth below, the motion shall be denied.

**BACKGROUND**

Plaintiff alleges in its two-count complaint that on or about October 26, 2007, Corner Market Operating Team, LLC ("Corner Market") entered into a Petroleum Product Sales Agreement with Plaintiff, pursuant to which Corner Market agreed to purchase gasoline and other petroleum products, for a gasoline station it operated, from Plaintiff at one cent per gallon over the gross rack price plus some incidental costs.  The sales agreement, attached to Plaintiff's complaint, included the personal guarantee of Defendants Thomas Baker and Jeff Heberlie, guaranteeing Corner Market's performance "without limitation."  (Doc. No. 1-1.)

The sales agreement also contained the following integration clause:

**Entire Agreement**.  This writing is intended by the parties to be a final complete and exclusive statement of their agreement about the matters covered herein.  THERE ARE NO ORAL UNDERSTANDINGS, REPRESENTATIONS, OR WARRANTIES AFFECTING IT.

It further provided as follows: "**Prior Agreements**.  This Agreement cancels and supersedes any prior agreements between the parties hereto with regard to the purchase and sale of products covered by this Agreement."  *Id.*[1]

Plaintiff alleges that Corner Market owes Plaintiff approximately $140,000, as of August 2, 2011, for products Corner Market received from Plaintiff pursuant to the sales agreement.  In Count I, Plaintiff seeks this amount from Baker, for breach of his personal guarantee, and in Count II, Plaintiff seeks this amount against Heberlie for breach of his personal guarantee.  Defendants have each filed counterclaims for fraud in the inducement, negligent misrepresentation, and set off.  They allege that their personal guarantees were signed as a result of Plaintiff's oral misrepresentations that Plaintiff "could obtain branding for the gas station," when in fact Plaintiff could and did not.  They seek damages in excess of $75,000, as a set off to the amounts owed Plaintiff.

Plaintiff argues that the counterclaims are precluded by the integration and "Prior Agreements" clauses quoted above.  According to Plaintiff, theses clauses establish the

---

[1]  The Court notes that in addressing a motion to dismiss for failure to state a claim, a court may consider written instruments attached to the pleadings.  *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002).

parties' agreement that Plaintiff was not bound by any oral communications made before the parties entered into the Sales Agreement, and thus Defendant's counterclaims have no factual basis. Defendants respond that under Missouri law, a party may raise claims of fraud in the inducement and negligent misrepresentation despite the existence of clauses such as those at issue here.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This, however, requires more than mere "labels and conclusions," and the complaint must state a claim that is "plausible on its face." *Id.*

State law controls this action brought under diversity jurisdiction. *See Washington v. Countrywide Home Loans, Inc.*, 655 F.3d 869, 873 (8th Cir. 2011). It is up to this Court to predict how Missouri's highest court would resolve the issues before it. *See Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006). Decisions of intermediate state appellate courts are persuasive authority that the federal court should follow when they are the best evidence of what state law is. *Id.*; *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

Under Missouri law,

> [T]he elements of fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by

>the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010).

Fraud in the inducement is a subset of fraudulent misrepresentation, applicable where a fraudulent misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved. *Utica Mut. Ins. Co. v. BancInsure, Inc.*, No. 4:06CV00664 ERW, 2007 WL 2860237, at *18 n.9 (E.D. Mo. Sept. 25, 2007). A promise to take future action may be actionable where the maker presently intended not to perform. *Trotter's Corp. v. Ringleader Rests., Inc.*, 929 S.W.2d 935, 940 (Mo. Ct. App. 1996).

>The elements of negligent misrepresentation claim are:
>
>(1) the speaker supplied information in the course of his business; (2) due to the speaker's failure to exercise reasonable care, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a result of such reliance, the listener suffered pecuniary loss.

*Craycroft v. Carlton*, 322 S.W.3d 587, 589 (Mo. Ct. App. 2010). "A negligent misrepresentation claim is premised upon the theory that the speaker believed that the information supplied was correct, but was negligent in so believing." *Clearly Canadian Beverage Corp. v. Am. Winery, Inc.*, 257 F.3d 880, 893 (8th Cir. 2001).

"'Missouri law . . . holds that a party may not, by disclaimer or otherwise, contractually exclude liability for fraud in inducing that contract.'" *Hess v. Chase*

4

*Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 767 (Mo. 2007) (quoting *Lollar v. A.O. Smith Harvestore Prods., Inc.*, 795 S.W.2d 441, 448 (Mo. Ct. App. 1990)). Missouri case law extends this rule to claims that the contract was induced by negligent misrepresentations. *Former Vacuum & Janitor Supply Co. v. Renard Paper Co.,* No. 4:06CV00905 RWS, 2007 WL 2693828, at *4 (E.D. Mo. Sept. 10, 2007) (citing *Cabinet Distribs. v. Redmond*, 965 S.W.2d 309, 314 (Mo. Ct. App. 1998) (holding that for purposes of the parole evidence rule, the rule that prior oral representations are merged into the written contract does not apply to fraudulent or negligent misrepresentations made for the purpose of inducing a party to enter into the contract; explaining that one rationale for this rule is, "a speaker should not be able to avoid the consequences of a misrepresentation, fraudulent or negligent, by hiding behind an integration clause")).[2]

The contractual clauses relied upon Plaintiff here limit their preclusive applicability to "the matters covered herein," and "to the purchase and sale of products covered by this Agreement." As the record now stands, it appears that the oral representations asserted by Defendants are collateral to the matters covered in these clauses, and thus do not directly contradict or vary the express terms of the written

---

[2] While the reasoning of *Cabinet Distributors, Inc.* with respect to negligent misrepresentations has been called into question by the Eighth Circuit in a 1998 case, *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.*, 178 F.3d 1030, 1033 (8th Cir. 1998), it has never been questioned by Missouri courts, and a Missouri case from 2007, *Brown v. Mickelson*, 220 S.W.3d 442, 451 (Mo. Ct. App. 2007), cites it in a manner suggesting that its holding is equally valid for fraudulent and negligent misrepresentations.

agreement. The Court further concludes that Defendants have alleged sufficient facts to support the legal viability of its counterclaims and withstand a motion to dismiss.

Plaintiff also argues (in a footnote) that in Missouri, a negligent misrepresentation claim cannot arise from a statement regarding the speaker's future intent. This is generally true because "it is impossible to be negligent in failing to ascertain the truth or falsity of one's own future intentions." *City of St. Joseph, Mo. v. SW Bell Tel.*, 439 F.3d 468, 478 (8th Cir. 2006). But "if the statement is a representation of the speaker's present intention or concerns matters within the speaker's control," a cause of action for negligent misrepresentation exists." *Id.* Here, the alleged misrepresentations involved Plaintiff's present intent of a matter within its control.

## **CONCLUSION**

The Court cannot say as a matter of law that Defendants have not asserted plausible counterclaims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaims is **DENIED**. (Doc. No. 18.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2012.

6